IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION - CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:19-cr-130 |
| Plaintiff, | : | Judge Matthew W. McFarland |
| v. | : | |
| JOSE DANIEL ZAZUETA-HERNANDEZ, et al., | : | |
| Defendants. | : | |

### ORDER AND OPINION

This matter is before the Court on Third-Party Movant David Maddox's First Motion for Return of Property (Doc. 1253). The Government filed a Response in Opposition (Doc. 1256), to which Mr. Maddox filed a Reply in Support (Doc. 1257.) Thus, this matter is ripe for the Court's review. For the following reasons, the Court **DENIES** Third-Party Movant David Maddox's Motion for Return of Property.

### BACKGROUND

In April 2018, Third-Party Movant David Maddox delivered several pieces of jewelry to Defendant Tri-State Jewelers, Inc., for cleaning and repair. (Motion, Doc. 1253, Pg. ID 8753.) These items included: (1) a Rolex watch; (2) a ring; (3) a chain; and (4) a dog tag necklace. (*Id.* at Pg. ID 8754.) On November 13, 2019, the United States executed a search warrant at Tri-State Jewelers; during the execution of this warrant, Drug Enforcement Administration ("DEA") agents seized assorted jewelry from the premises. (Response, Doc. 1256, Pg. ID 9056-57.) Then, on December 9, 2020, the DEA returned

several bags of jewelry labeled as "repairs" or "layaway" to counsel for Defendant Vyacheslav Minyalo. (*Id.* at Pg. ID 9057.)

Tri-State Jewelers also entered into a plea agreement with the Government in which it agreed to the immediate forfeiture of jewelry deemed property involved in the offense charged or property traceable to such property. (Response, Doc. 1256, Pg. ID 9057.) This Court entered a Preliminary Order of Forfeiture (Doc. 1047), finding that all right, title, and interest in the assorted jewelry had been forfeited to the United States. (*Id.*) The Government then published notice of the forfeiture action and of its intent to dispose of the jewelry in accordance with the law. (*Id.*) The Government sent written notice of the Preliminary Order of Forfeiture to all persons who "reasonably appeared to be a potential claimant with standing to contest the forfeiture" of the jewelry. (*Id.* at Pg. ID 9058.) The deadline to respond to this notice was May 8, 2023. (*Id.* at Pg. ID 9059.) Three petitioners established a legal interest in some of this jewelry, and the United States entered into settlement agreements to return their jewelry to them. (*Id.* at Pg. ID 9058; *see also* Docs. 1185, 1186, 1189.) As no other person or entity filed a petition with the Court asserting any interest, and the deadline had passed, this Court entered a First Final Order of Forfeiture against the remaining jewelry on April 16, 2024. (*Id.*; *see also* Doc. 1215.) Pursuant to this Order, the U.S. Marshals Service sold the remaining jewelry. (*Id.*) Over a year later, on September 29, 2025, Maddox filed a third-party petition to assert his interest in, and request the return of, the four pieces of jewelry mentioned above. (Motion, Doc. 1253.)

## LAW AND ANALYSIS

Under 21 U.S.C. § 853(n)(2), a party wanting to assert a legal interest in property ordered forfeited to the United States has thirty days from the final publication of notice to petition the Court for a hearing on the validity of the alleged interest. As the Government pointed out, any interested party had until May 8, 2023, to file a petition asserting a legal interest in the forfeited jewelry. (*See* Response, Doc. 1256, Pg. ID 9059.) But, Maddox did not file his petition until September 29, 2025, over two years after the deadline. (*Id.*) Furthermore, the Government notes that, setting aside the two-year delay, Maddox still failed to comply with the statutory requirements in his petition to set forth the nature and extent of his right, title, or interest in the jewelry, or the time and circumstances of his acquisition of his right, title, or interest in the jewelry. (*Id.*)

Nevertheless, in his Reply, Maddox contends that the Government should return his jewelry because "keeping it violates the very purpose of forfeiture," as it was not property illegally obtained. (Reply, Doc. 1257, Pg. ID 9065.) To allow "technical procedural issues to block the return of property creates an unjust taking of property." (*Id.*) And, Maddox argues that the Government "did not make the effort to obtain customer lists from Tri-State Jewelers to notify owners" of the seized property, even though it is "common knowledge" that jewelers often have jewelry in their possession for repair. (*Id.*) Finally, Maddox states that "[e]thics require" that the Government return his property, property which "[t]he government has sold." (*Id.*) Instead, Maddox states that the Government should provide him a list of the sold property so he can identify his pieces and receive compensation for them. (*Id.* at Pg. ID 9065-66.) In response, though,

3

the Government points out that the DEA had returned property labeled "repairs" or "layaway," and such jewelry was not included in the forfeiture. (Response, Doc. 1256, Pg. ID 9060.) So, it is likely that Maddox's jewelry was not forfeited but had instead been returned to Defendant Minyalo's counsel. (*Id.*)

Furthermore, assuming that the Government had, in fact, sold Maddox's property, the only recourse here would be for the Court to amend the Final Order of Forfeiture. However, once a court has entered a final order of forfeiture, it can amend that order "in only two circumstances." *United States v. Monea Family Trust I*, 626 F.3d 271, 277 (6th Cir. 2010). First, an amendment is appropriate if the petitioner can prove under 21 U.S.C. § 859(n)(6)(A) that he "has a legal right, title, or interest in that property," that was vested or superior to any right, title, or interest of the defendant at the time of the commission of the acts which gave rise to the forfeiture of the property." *Id.* Or, an amendment can be appropriate if the petitioner can prove under 21 U.S.C. § 853(n)(6)(B) that he or she is "a bona fide purchaser for value of the right, title, or interest in the property and was at the time of purchase reasonably without cause to believe that the property was subject to forfeiture." *Id.* But, as the Government points out, Maddox failed to put forth evidence of either circumstance that was specific to the property named in the Preliminary Order of Forfeiture; thus, he has failed to state a claim for relief under 21 U.S.C. § 853(n)(6).

For all the foregoing reasons, Third-Party Movant David Maddox's Motion for Return of Property (Doc. 1253) is **DENIED**.

**IT IS SO ORDERED.**

4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND